**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 99-cv-02462-CMA-BNB

DAWN DILLON,

    Plaintiff,

v.

TWIN PEAKS CHARTER ACADEMY,

    Defendant.

## ORDER REGARDING MOTION FOR JUDGMENT AS A MATTER OF LAW

    This matter is before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. # 111). For the following reasons, the Motion is DENIED.

## BACKGROUND[1]

    This is an employment and civil rights retaliation case. Plaintiff alleges that Defendant, a public charter school and her former employer, non-renewed her employment in retaliation for exercising her First Amendment rights. The Court held a jury trial in May 2009 on Plaintiff's retaliation claims. At the close of Plaintiff's case, and again at the close of its own case, Defendant moved for judgment as a matter of law. The Court denied both motions and passed the case to the jury for deliberations. However, the jury deadlocked and did not return a verdict.

---

    [1] Both this Court and the Tenth Circuit Court of Appeals have recounted the facts of this case on multiple occasions, so the Court will conserve its resources and provide only a brief synopsis of the relevant background.

Defendant now renews its request for judgment as a matter of law. Like Defendant's earlier motions, the instant Motion focuses on one element, causation, which Defendant argues Plaintiff has failed to establish as a matter of law.

## **STANDARD OF REVIEW**

Under Federal Rule 50, a court should rule against a party as a matter of law if the "party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue." *See* Fed. R. Civ. P. 50(1); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Herrara v. Lufkin Indus., Inc.*, 474 F.3d 675, 685 (10th Cir. 2007). The standard under Federal Rule 50 is similar to the standard for a motion for summary judgment under Federal Rule 56. *See Anderson*, 477 U.S. at 250. As the Tenth Circuit Court of Appeals has stated:

> The question is not whether there is literally no evidence supporting the nonmoving party but whether there is evidence upon which a jury could properly find for that party. For a jury to properly find for a party, the party must present more than a scintilla of evidence supporting its claim.

*Herrara*, 474 F.3d at 685 (quoting *Century 21 Real Estate Corp. v. Merj Int'l Inv. Corp.*, 315 F.3d 1271, 1278 (10th Cir. 2003)).

A court should review all of the record evidence in a light most favorable to the non-moving party. *See Riske v. King Soopers*, 366 F.3d 1085, 1087-88 (10th Cir. 2004).

**DISCUSSION**

**I.   THE *GARCETTI/PICKERING* TEST AND CAUSATION IN RETALIATION CASES**

"[A] public employer cannot retaliate against an employee for exercising [her] constitutionally protected right of free speech." *Dill v. City of Edmond*, 155 F.3d 1193, 1202 (10th Cir. 1998).  First Amendment retaliation claims in the public employer context are controlled by a five-step analysis created by an amalgamation of two Supreme Court decision:  *Garcetti v. Ceballos*, 547 U.S. 410 (2006), and *Pickering v. Board of Educ.*, 391 U.S. 563 (1968).  *See generally Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F.3d 1192 (10th Cir. 2007) (discussing the *Garcetti/Pickering* test and background facts of this case).

Assuming a plaintiff can meet the first three steps of the *Garcetti/Pickering* test,[2] she must also show causation.  *See Weaver v. Chavez*, 458 F.3d 1096, 1098-100 (10th Cir. 2006).  The plaintiff must first establish that her protected activity was a substantial motivating factor in the employer's decision to take an adverse employment action against her.  *See Thomas v. City of Blanchard*, 548 F.3d 1317, 1327 (10th Cir. 2008); *Brammer-Hoelter*, 492 F.3d at 1203; *Lybrook v. Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1338 (10th Cir. 2000).  The causation threshold that all retaliation plaintiffs must cross at this step is to show that the employer knew about the plaintiff's

---

[2] The first three *Garcetti/Pickering* elements are:  (1) did the employee speak pursuant to her official duties (if yes, the speech is not protected); (2) is the speech regarding a matter of public concern (if no, the claim fails); (3) does the employee's interest in commenting on the issue outweigh the interest of the state as an employer (if no, the claim fails).  *See Brammer-Hoelter*, 492 F.3d at 1202-03.

protected activity before taking the adverse employment action. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1235 (10th Cir. 2000) (plaintiff could not state retaliation claim when employer had no knowledge of protected activity). How far beyond that threshold an employee must go to establish that retaliation was a substantial motivating factor is difficult to say. *See Maestas v. Segura*, 416 F.3d 1182, 1188 (10th Cir. 2005) ("What constitutes a substantial motivating factor evades precise definition."). However, precedent reflects that the employee need not show "but for" causation, or that retaliation was the sole reason for the adverse action. *Id.* Nonetheless, the use of "substantial" as an adjective modifying "motivating factor" indicates that the employee must show that retaliatory animus played a material role in the employer's decision. *Id.*; *see also Luethje v. Peavine Sch. Dist.*, 872 F.2d 352, 354 (10th Cir. 1989) (noting that retaliation was a "significant catalyst" for employer's decision).

The second causation step, and the final step in the *Garcetti/Pickering* test, allows an employer to prove that it would have taken the same challenged employment action regardless of the employee's protected activity. *See Brammer-Heolter*, 492 F.3d at 1203; *Weaver*, 458 F.3d at 1100. If an employer can establish this final element, it is relieved from liability. *See Copp v. Unified Sch. Dist. No. 501*, 882 F.2d 1547, 1554 (10th Cir. 1989) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)).

4

Because causation in retaliation cases can be difficult to establish, it is well established that a plaintiff may rely on direct or circumstantial evidence to satisfy this element. *See, e.g., Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1227 (10th Cir. 2008) (discussing evidence required to establish causation in Title VII retaliation claims); *see also Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1299 (10th Cir. 1998) (denying motion for judgment as a matter of law when plaintiff in employment retaliation case presented circumstantial evidence of a link between protected activity and retaliatory conduct). Indeed, in Title VII, ADEA, and FLSA retaliation cases, the Tenth Circuit Court of Appeals has allowed plaintiffs to present their claims to a jury after establishing nothing more than a close temporal connection between the protected activity and the adverse action. *See, e.g., Sanjuan*, 160 F.3d at 1299; *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 329 (10th Cir. 1996) (reversing summary judgment in favor of employer when employee presented evidence of a close temporal connection between employee's protected activity and employer's retaliatory actions); *Love v. Re/Max of Am., Inc.*, 738 F.2d 383, 386 (10th Cir. 1984) (noting in Title VII case that a plaintiff may demonstrate causal connection with evidence that justifies an inference of a retaliatory motive, "such as protected conduct closely followed by adverse action") (quoting *Burrus v. United Tel. Co. of Kan., Inc.*, 683 F.2d 339, 343 (10th Cir. 1982)).

Whereas the first three steps in the *Garcetti/Pickering* test are legal questions, the final two steps are factual. *See Weaver*, 458 F.3d at 1100; *see also Thomas*, 548 F.3d at 1327.

## II.   PLAINTIFF PRESENTED SUFFICIENT EVIDENCE TO ALLOW A REASONABLE JURY TO INFER A RETALIATORY MOTIVE.

Defendant's Motion focuses solely on the substantial motivating factor element of Plaintiff's case.[3]  Critical to Defendant's argument is the nature of the protected activity in this case, which, as Defendant rightfully points out, is limited to Plaintiff's speech and association concerning four distinct topics:  "(1) whether [Defendant's] code of conduct could restrict Plaintiff's freedom of speech, (2) Dr. Marlatt's restrictions on speech and association, (3) whether [Defendant's] charter would be renewed, and (4) the upcoming Board elections."  See Brammer-Hoelter, 492 F.3d at 1206.  Defendant argues that Plaintiff did not present sufficient evidence to allow a reasonable jury to infer that Plaintiff's protected activity, i.e., speech or association regarding these four topics, was a substantial motivating factor in Defendant's decision to non-renew her.

However, the Court finds that certain evidence presented by Plaintiff creates an issue of fact regarding causation that the jury, not the Court, needs to resolve.  The first piece of evidence that might reasonably create an inference of retaliation is Ivan Adams' testimony regarding the Board's opinion of Plaintiff.  Mr. Adams stated that the Board felt Plaintiff was a "troublemaker."  Defendant contends that this testimony does not explicitly tie the Board's decision to non-renew Plaintiff to Plaintiff's speech and/or association on the four relevant topics.  Indeed, Mr. Adams did not state why the Board felt this way.  But, such specifics are not necessary for a reasonable jury to infer

---

[3]  In contrast, Plaintiff's response brief focuses on every element but the substantial motivating factor.

retaliation. The term troublemaker is so loaded that a reasonable jury could infer that the Board knew about her speech and association on the four protected topics and a reasonable jury could also infer that the Board sought to rid the school of troublemakers, especially troublemakers that might affect upcoming Board elections. Therefore, when the Court views Mr. Adams' testimony in a light favorable to Plaintiff, the Court concludes that the evidence on this issue would allow a reasonable jury to conclude that the Board knew of Plaintiff's protected activity and non-renewed her because of it.

Mr. Adams' written recommendation to the Board concerning Plaintiff's renewal might also allow a reasonable jury to infer that the Board retaliated against Plaintiff for her protected activity. In his written recommendation, Mr. Adams stated, "I am concerned that [Plaintiff] has been vocal and demonstrative against Board policies, practices and the actual operation of the school." It is undisputed that the Board received Mr. Adams' written recommendation prior to making its decision to non-renew Plaintiff. Thus, the recommendation could allow a reasonable jury to infer that Plaintiff's "vocal and demonstrative" activities regarding "Board policies, practices and the actual operation of the school" factored into the Board's decision to non-renew Plaintiff.

A jury could find that Mr. Adams' written recommendation influenced the Board regardless of Mr. Adams' testimony concerning the purported reasons for making these comments, *i.e.*, that Plaintiff had engaged in unprofessional behavior in a committee meeting, criticized another paraprofessional, and argued with a teacher in front of

students. A reasonable jury could conclude that Mr. Adams' explanation for his recommendation does not comport with what he wrote. Indeed, the veracity and credibility of Mr. Adams' explanation of his recommendation was one of the focal points of Plaintiff's case. As such, the Court finds that a reasonable jury could decide that Mr. Adams' written recommendation is more believable than his testimony in court. That is exactly the type of credibility dispute that a jury – not this Court – must resolve.

Plaintiff's own testimony provides another reason to deny Defendant's Motion. Plaintiff stated that she believed that the Board voted to non-renew her because the Board did not like her meeting with the teachers who had resigned in March. She also testified that Mr. Adams told her that the Board was going to non-renew her because she was a "troublemaker." Although Plaintiff's testimony, without additional evidence, may not be sufficient to raise a jury question regarding causation, Plaintiff has presented corroborating evidence to support her beliefs in this case, *e.g.*, Mr. Adams' testimony and recommendation. Thus, her testimony could permit a reasonable jury to infer that the Board retaliated against her for her protected speech and association.

The examples described above are not the only evidence in the record that might allow a jury to infer that the Board retaliated against Plaintiff. Other evidence includes the relatively close temporal proximity between Plaintiff's protected speech and association, and her non renewal; Kathy Seitz's testimony regarding the May 17, 1999 Board meeting, (Ms. Seitz noted that the Board discussed Plaintiff's participation in off campus meetings regarding Defendant); David Leeds' testimony that Dr. Dorothy

Marlatt had previously informed the Board that teachers and staff were meeting off campus to discuss matters concerning the school; and Kathy Zlomke's testimony that the Board had heard "rumblings" about teachers and staff meeting off campus to discuss Dr. Marlatt's edict, which the Tenth Circuit Court of Appeals identified as one of the protected topics.  In short, when viewed in a light favorable to Plaintiff, the evidence demonstrates that there are factual disputes regarding causation that the jury, not the court, should resolve.

## **CONCLUSION**

Defendant asserts that it is undisputed that the Board had no knowledge of Plaintiff's protected activities, but the Court disagrees.  Although Plaintiff has not uncovered a retaliatory smoking gun or presented evidence reflecting that the Board openly discussed Plaintiff's protected speech or association on the four topics identified by the Tenth Circuit Court of Appeals, the standard under Federal Rule 50 does not require Plaintiff to present incontrovertible evidence to support causation.  Rather, to survive Defendant's Motion, Plaintiff need only present evidence that would allow a reasonable jury to find in her favor.  When the Court considers the entirety of the evidence that Plaintiff presented at trial, the Court concludes that she has met that burden in this case.

Accordingly, the Renewed Motion for Judgment as a Matter of Law (Doc. # 111) is DENIED.

DATED:  September   11  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge