IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 99-cv-02462-CMA-BNB

DAWN DILLON,

      Plaintiff,

v.

TWIN PEAKS CHARTER ACADEMY,

      Defendant.

_____

**ORDER IN RESPONSE TO OBJECTIONS TO DESIGNATIONS OF
DEPOSITION TESTIMONY OF KATHY ZLOMKE**
_____

      Pursuant to the Court's September 11, 2009 Order and Federal Rule 32(a)(4)(E), designated witness Kathy Zlomke will testify at trial by way of video deposition. Plaintiff and Defendant have both submitted objections to various designations of Ms. Zlomke's deposition testimony. The Court finds as follows, with respect to each of the objections:

1.     Plaintiff's Objection #1 relates to testimony from page 4, lines 3-10 of Ms. Zlomke's deposition. Plaintiff objects to this line of testimony concerning Ms. Zlomke's present place of employment (as program manager for new school development for the Colorado League of Charter Schools) on the basis that such testimony is irrelevant. Plaintiff asserts that this testimony has nothing to do with the instant litigation and is "likely to confuse the jury as to whether she is testifying as an expert" or "as a paid employee of a charter school association". Although Ms. Zlomke's employment is not relevant to the issues, this type of testimony is normally admissible for purposes of humanizing the witness and the Court finds nothing confusing or misleading in this testimony. Thus, the Court overrules the objection and will allow this testimony.

2. Plaintiff'sObjection #2 relates to testimony from page 8, lines 18-22 of Ms. Zlomke's deposition. Plaintiff objects to this line of testimony concerning whether Twin Peaks' employees were "at-will" employees, on grounds that "at-will" employment is a legal conclusion. The Court overrules Plaintiff's objection and will allow this testimony because the record is clear that Defendant employed its staff on an at-will basis.

3. Plaintiff's Objection #3 relates to testimony from page 43, line 11 through page 44, line 7 of Ms. Zlomke's deposition, concerning Ms. Zlomke's knowledge of any problems Kathy Seitz may have had as a volunteer coordinator. Plaintiff objects on grounds that this testimony and/or line of questioning lacks foundation and is conclusory, hearsay, and leading. The Court sustains Plaintiff's objection. Defendant failed to establish foundation for how, when, and where Ms. Zlomke became aware of Ms. Seitz's purported distribution of allegedly unauthorized materials in teachers' mailboxes. Additionally, Defendant fails to establish foundation for when and where Ms. Zlomke spoke with Dr. Marlatt about Ms. Seitz's alleged conduct. Defendant may not present this testimony.

4. Defendant's Objection #1 relates to testimony from page 108, line 12 through page 110, line 3 of Ms. Zlomke's deposition. Defendant objects to this line of testimony on foundational grounds because "Plaintiff asks the deponent a series of questions about a meeting [between the deponent and Mr. Ivan Adams], but does not first establish to which meeting she refers." The Court overrules Plaintiff's objection. Testimony from page 106, line 11 through page 108, line 4 establishes that the meeting at issue occurred in April 1999 at the Twin Peaks Charter Academy. Plaintiff may present testimony from page 108, line 12 through page 110, line 3 of Ms. Zlomke's deposition.

5. Defendant's Objection #2 relates to testimony from page 191, line 22 through page 192, line 7 of Ms. Zlomke's deposition. Defendant object on grounds that this section of the transcript constitutes "improper impeachment" and is "more prejudicial than probative". Defendant further asserts that "Plaintiff attempts to impeach the deponent using a statement made by Defendant within it motion for summary judgment. This Court has previously ruled that such impeachment is inappropriate." The Court does not recall the ruling referenced by Defendant. This section of testimony concerns Ms. Zlomke's recollection of whether Dr. Marlatt discussed the appropriateness of some staff members' off-campus meetings. Counsel elicited testimony about Ms. Zlomke's personal knowledge of certain facts. The referenced pleadings did not concern Ms. Zlomke's personal

knowledge of facts.  In the Court's view, Counsel's ensuing reference to allegations made by Defendant in its pleadings does not amount to impeachment and no jury is likely to view this reference as such.  Thus, Defendant's objection is overruled and Plaintiff may present this testimony.

6. Defendant's Objection #3 relates to testimony from page 200, line 8 through page 202, line 20 of Ms. Zlomke's deposition, during which Ms. Zlomke is questioned about Exhibit 16, some notes Ms. Zlomke allegedly took concerning a meeting at which several Twin Peaks' staff members resigned.  Defendant objects on hearsay, foundation, and relevance grounds.  The Court sustains Defendant's objections.  Counsel failed to establish sufficient foundation for Exhibit 16; counsel failed to establish how soon after the purported meeting Ms. Zlomke took the notes at issue, or from whom she had obtained the information.  Further, these staff-member resignations are irrelevant to the matters at issue in the instant litigation.  Plaintiff may not present this testimony.

7. Defendant's Objection #4 relates to testimony from page 236, line 18 through page 241, line 12 of Ms. Zlomke's deposition, during which Ms. Zlomke is questioned about statements parents may or may not have made to her about possible staff resignations and Dr. Marlatt, the school administrator.  Defendant objects on hearsay grounds.  The Court sustains Defendant's objection, as this testimony appears to be offered for the truth of the matter asserted.  Plaintiff may not present this testimony.

8. Defendant's Objection #5 relates to testimony from page 242, line 16 through page 241, line 12 of Ms. Zlomke's deposition, during which Ms. Zlomke is questioned about statements a particular parent may or may not have made to her about Dr. Marlatt.  Defendant objects on hearsay grounds.  The Court sustains Defendant's objection, as this testimony appears to be offered for the truth of the matter asserted.  Plaintiff may not present this testimony.

9. Defendant's Objection #6 relates to testimony from page 280, line 5 through page 281, line 17 of Ms. Zlomke's deposition, during which Ms. Zlomke is questioned about Defendant's procedure for, and the Board's involvement in, the processing of job applications, including Plaintiff's application for employment subsequent to her nonrenewal.  Defendant objects on relevance grounds.  The Court sustains Defendant's objection, as the outcome of Plaintiff's subsequent application for employment with Twin Peaks Charter Academy is irrelevant to Plaintiff's claims concerning Defendant's non-renewal of her contract.  Plaintiff may not present this testimony.

10. Defendant's Objection ## 7 and 8 relate to testimony from page 247, lines 3-6 and page 259, lines 7-11 of Ms. Zlomke's deposition both of which are questions in which reference is made by counsel to Ms. Zlomke's testimony in the prior trial. Defendant objects to the reference to the prior trial as being improper impeachment and more prejudicial than probative. The Court overrules the improper impeachment objection but, because the question makes reference to the prior trial, the Court sustains the objection that these lines are more prejudicial than probative and these lines may not be presented to the Jury. Furthermore, the Court wishes to make it clear that neither party shall be allowed to make any reference to the fact that this case has been tried once before and/or that a jury failed to return a verdict.

Plaintiff and Defendant have not asserted any further objections to deposition testimony designated for presentation at this trial. Therefore, all remaining designations will be allowed.

DATED: October  4 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge