**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 99-cv-02462-CMA-BNB

DAWN DILLON,

    Plaintiff,

v.

TWIN PEAKS CHARTER ACADEMY, and
ST. VRAIN VALLEY SCHOOL DISTRICT NO. RE-1J,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR COSTS

This matter is before the Court on Defendants' Motion for Costs (Doc. # 149) under Fed. R. Civ. P. 54(d)(1), which states that "costs – other than attorneys fees – should be allowed to the prevailing party." Denying costs to a prevailing party is a "severe penalty" and "there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995). A district court denying costs to a prevailing party must "provide a valid reason" for doing so. *In re Williams Sec. Litigation – WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009).

Following entry of summary judgment and after a three and one-half day jury trial, Defendants have prevailed on each of Plaintiff's claims, resulting in the dismissal of Plaintiff's civil action in its entirety, with prejudice.

Plaintiff asks the Court to deny Defendant's motion for costs because Defendant "did not attempt to confer in good faith," as required by Local Rule 7.1. Local Rule 7.1 states, "The court will not consider any motion, other than a [dispositive motion], unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel...to resolve the disputed matter." Plaintiff also seeks denial of costs because: (a) "plaintiff was partially successful" and the legal issues were "close", (b) Defendants have been "obstructive" or "acted in bad faith during the course of the litigation", (c) a great disparity exists between Plaintiff's and Defendants' financial resources, especially when Defendant was represented by an insurance company, and (d) she contends that there are no costs to recover, as "the defense has failed to state what costs it seeks to recover" and "Judge Kane previously declined to award costs following his summary judgment decision."

Defendants' counsel contends that he engaged in a reasonable, good faith effort to confer with Plaintiff's counsel. Defendants' counsel filed the instant motion only after receiving an e-mail from Plaintiff's counsel that he and his partner were "head[ed] out of the country for the better part of a month" and that the two would leave on the morning of October 12, 2009. In an additional attempt to resolve the issue, Defendant's counsel contacted Plaintiff's counsel via e-mail and telephone before filing the instant motion. Plaintiff's counsel did not respond. Accordingly, Defendants' counsel concluded that

2

Plaintiff's counsel would be unavailable through the time permitted to file a motion to alter or amend the judgment.[1]

Fed. R. Civ. P. 54(d) creates a presumption that the district court will award the prevailing party's costs. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (affirming district court's award of costs against the plaintiff who failed to establish an apparent reason to penalize the prevailing defendant by denying its costs). The non-prevailing party bears the burden of overcoming this presumption. *Id*. Because the denial of costs is a severe penalty, "there must be some apparent reason to penalize the prevailing party." *Id*. quoting *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995). Defendant contends that Plaintiff has failed to establish an apparent reason to deny Defendant its costs. For the below reasons, the Court agrees.

First, Plaintiff wrongly contends that she was partially successful and the legal issues were close. The record clearly evidences that Defendant prevailed on every claim Plaintiff asserted in this lawsuit, whether by way of a jury verdict on October 9, 2009, or by summary judgment on August 2, 2007, and June 11, 2008. That several claims were readily disposed through summary judgment, that issues were tried before a jury in three-and-a-half days, and that no experts testified at trial belies Plaintiff's contention that the issues in this case have been "close and difficult".

---

[1] Because costs were not addressed in the judgment, Defendants filed their motion for costs pursuant to Fed. R. Civ. P. 59(e), which requires a motion to alter or amend a judgment be filed no later than 10 days after the entry of judgment. In the instant case, such deadline is October 27, 2009 (excluding intervening weekends).

Second, Plaintiff wrongly contends that Defendant has been "obstructive" or acted in "bad faith" because they "denied there was a general ban on free speech and free association during years of the litigation – and then finally admitted it in pleadings in the tenth year." Plaintiff's argument rests on statements contained in Defendants' summary judgment briefs concerning the applicable standard that the non-movant's (Plaintiff's) statements (concerning an alleged "gag order" issued by one of the Defendant's administrators) be taken as true. The Court has previously heard Plaintiff's novel argument on this issue before. Accepting purported statements as true for summary judgment purposes, and later denying that such statements were made does not amount to an obstruction of justice. Plaintiff has cited no case law to the contrary.

Third, Plaintiff contends that the Court should not award costs because a huge disparity exists between Plaintiff's and Defendants' financial resources, especially because Defendants were represented by an insurance company. In support, Plaintiff cites to three cases, none of which are from the Tenth Circuit and none of which are applicable to the case at hand, as they either concern individual civil rights litigants of modest means, an indigent plaintiff and defendant, or a non-prevailing municipality for which costs would unnecessarily penalize the taxpayers. *See Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666, 679-80 (N.D. Cal. 1980); *County of Suffolk v. Sec'y of the Interior*, 76 F.R.D. 469 (E.D.N.Y. 1977); *Maldonado v. Parasole*, 66 F.R.D. 388, 390 (E.D.N.Y. 1975). At no time during the course of this litigation, or since, has Plaintiff represented that she is indigent.

Fourth, Plaintiff wrongly contends that "[t]here are no costs to recover" because Judge John L. Kane ordered the parties to bear their own costs after granting Defendants' Motions for Summary Judgment in a March 28, 2006 Order.  (Doc. # 40). Plaintiff further states, "[t]he defense has identified no new or additional costs for any litigation in the tenth year that were not already denied by Judge Kane."  Defendants contend that the March 28, 2006 Order is not controlling, as it was interlocutory and not binding on the issues of costs following appeal and remand.  The Court agrees.

Accordingly, for the foregoing reasons, IT IS ORDERED that Defendants' Motion for Costs (Doc. #149) is GRANTED.

DATED:  November   3  , 2009

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge