**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 99-cv-02462-CMA-BNB

DAWN DILLON,

      Plaintiff,

v.

TWIN PEAKS CHARTER ACADEMY and
ST. VRAIN VALLEY SCHOOL DISTRICT NO. RE-1J,

      Defendants.

---

**ORDER OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S
OBJECTIONS TO COSTS, AND GRANTING IN PART AND DENYING IN PART
MOTION TO REVIEW AND MODIFY CLERK'S TAXATION OF COSTS**

---

This matter is before the Court on Plaintiff Dawn Dillon's Objections to Costs, and Motion to Review and Modify Clerk's Taxation of Costs. (Doc. # 187.) For the following reasons, Plaintiff's Objections are overruled in part and sustained in part; the Motion is granted in part and denied in part.

## I.    BACKGROUND

On October 14, 2009, Defendants Twin Peaks Charter Academy and St. Vrain Valley School District No. RE-1J moved for an award of costs after prevailing on all claims as a result of a jury trial and orders on summary judgment. (Doc. # 149.) On November 3, 2009, the Court granted Defendants' Motion for Costs. (Doc. # 160.) In so doing, the Court stated,

> Plaintiff wrongly contends that "[t]here are no costs to recover" because Judge John L. Kane ordered the parties to bear their own costs after granting Defendants' Motions for Summary Judgment in a March 28, 2006 Order. (Doc. #40). Plaintiff further states, "[t]he defense has identified no new or additional costs for any litigation in the tenth year that were not already denied by Judge Kane." Defendants contend that the March 28, 2006 Order is not controlling, as it was interlocutory and not binding on the issues of costs following appeal and remand. The Court agrees.

(*Id.* at 5).

On November 24, 2009, the Clerk of Court awarded $6,135.47 as taxable costs, including $4,273.75 of costs related to the following five depositions:

- Deposition of Plaintiff Dawn Dillon taken on August 21, 2000 ($554.50);
- Deposition of Ivan Adams taken on August 29, 2000 ($276.20);
- Deposition of Kathy Zlomke taken on August 22, 2000 ($140.60);
- Deposition of Lorraine Baxter taken on August 3, 2000 ($24.70); and
- Video Deposition of Kathy Zlomke taken on September 22, 2009 (the "Zlomke Preservation Deposition") ($3,277.75)[1]

(Doc. #165).

On November 27, 2009, Plaintiff filed the instant Objections. Defendants responded on December 18, 1009. (Doc. #169).

## II.   ANALYSIS

In support of her objections to the taxation of the above-listed costs, Plaintiff re-asserts that Judge Kane's prior Order concerning costs became the law of the case. (Doc. # 167 at 2.) Plaintiff further contends that the deposition transcripts for Plaintiff, Adams, Zlomke, and Baxter "were not 'necessarily' acquired for use in the post-appeal litigation of this case." (*Id.* at 3). Finally, Plaintiff contends that she should not bear the

---

[1] On September 11, 2009, this Court granted Defendant's Motion for Leave to ... Conduct a Video Deposition to Preserve Ms. Zlmoke's Trial Testimony. (Order at Doc. # 117, Motion at Doc. # 116.) In that Order, the Court expressly stated that "Defendant shall bear the costs related to Ms. Zlomke's video deposition." (Doc. # 117 at 2.)

costs of the Zlomke Preservation Deposition because Defendants chose to take that deposition due to Zlomke's unavailability to testify at trial in light of a previously-scheduled vacation abroad.  (*Id.* at 4).

In response, Defendants contend, in pertinent part, that they used the 2000 depositions "extensively in both their supplemental motions for summary judgment filed after the Tenth Circuit remanded the case and in trial in May and October 2009."  (Doc. # 169 at 3.)

With respect to the videotaped deposition of Zlomke, Defendants posit that, although the Court ordered Defendants to bear the Zlomke Preservation Deposition costs, "the [O]rder meant the Defendants would simply advance the costs related to taking the preservation deposition, and did not foreclose those costs from being taxable costs to which the prevailing party ultimately would be entitled."  (*Id.* at 5.)  Additionally, Defendants contend that forcing them to bear the costs of the nearly six-hour long Zlomke Preservation Deposition would be unjust because defense counsel's examination comprised approximately one-sixth of the deposition's duration and the "increased costs of this deposition were largely driven by Plaintiff's actions."  (*Id.* at 5-6.) In particular, defense counsel's examination "lasted less than one hour and was under fifty pages; virtually all of [which] was shown to the jury," while Plaintiff's counsel's examination lasted nearly five hours and was over two hundred and fifty pages, "the great majority of which Plaintiff did not even suggest be shown to the jury."  (*Id.* at 5.)

Having reviewed Plaintiff's stated objections to the Clerk's taxation of costs and Defendants' response, the Court finds that the taxation of costs related to the 2000 depositions is entirely appropriate.  In its November 3, 2009 Order awarding costs to

Defendants as the prevailing party, the Court clearly addressed the fact that Judge Kane's prior decision concerning costs was <u>not</u> the controlling law of the case. The Court will not revisit that issue.

However, the Court finds the taxation of costs related to the Zlomke Preservation Deposition against Plaintiff is inappropriate. <u>Defendants</u> sought the video deposition to preserve the testimony of a witness they chose to testify at trial. Ms. Zlomke was Defendants' witness, not Plaintiff's witness, and Plaintiff was not responsible for Ms. Zlomke's unavailability. The Court clearly stated that Defendants were to bear the costs of that deposition. Forcing Plaintiff to bear the cost of the Zlomke Preservation Deposition would be unjust.

Accordingly, for the foregoing reasons, IT IS ORDERED THAT:

(1)     Plaintiff's Objections to Costs, and Motion to Review and Modify Clerk's Taxation of Costs (Doc. # 167) are OVERRULED IN PART and SUSTAINED IN PART; and

(2)     The Clerk's November 24, 2009 award of costs (Doc. # 165) shall be reduced by the amount of $3,277.75, which represents the costs incurred in connection with the Kathy Zlomke video deposition taken on September 22, 2009.

DATED:  July __30__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge